UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Leah Hawk,

                Plaintiff                      3:23-CV-591 (MJK)

v.

Commissioner of Social Security,

                Defendant.

---

Peter A. Gorton, Esq., Attorney for Plaintiff
Candace Brown Casey, Esq., Special Assistant United States Attorney for Defendant

## DECISION AND ORDER

Before the Court is Hawk's Notice of Motion for Additional Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 25). The Commissioner filed a response neither supporting nor opposing the motion. (Dkt. 27). Although Hawk's counsel attests (Dkt. 25-1, ¶ 1) that the motion (Dkt. 25) was sent to Hawk in accordance with L.R. 5.5(g)(2), the requirement to do so is no longer found in the Local Rules. <u>This obligation is found in section F(2) of General Order No. 18.</u>[1] The parties

---

[1] Counsel is directed to be more cognizant of the Court's General Orders.

consented to the jurisdiction of the Magistrate Judge. (G.O. 18 and Dkt. 7).

Hawk entered a contingency fee agreement with her attorney, Peter Gorton (Dkt. 25-4), under which Hawk agreed to a twenty-five (25%) percent contingency fee on all past due benefits awarded to him, subject to repayment of any fees paid to her counsel under the Equal Access to Justice Act ("EAJA"). Attorney Gorton seeks the total sum of $26,883.74, noting his obligation to refund Hawk $14,622.92 that he previously received. (Dkt. 25-1, ¶6).

Attorney Gorton attests that he was retained by Hawk on October 10, 2016. (Dkt. 25-1, ¶3). He represented Hawk at her first hearing and subsequent appeal, which was later appealed to this Court, resulting in a remand on September, 2021. *Id.* Attorney Gorton represented Hawk at her second hearing and subsequent appeal to this Court, resulting in remand on August 7, 2024. *Id.* Attorney Gorton represented Hawk at her third hearing, which resulted in a fully favorable decision, generating an award notice dated December 22, 2025 (Dkt. 25-3).

The Court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798

n.6 (2002). To make this finding, the Court considers the factors set forth in *Fields v. Kijakazi,* 24 F.4th 845, 853-56 (2d Cir. 2022). First, the fully favorable outcome achieved by Attorney Gorton speaks for itself. Second, as the record shows, Attorney Gorton was not responsible for any undue delay (for example, the record was filed by the Commissioner on August 22, 2023 (Dkt. 8), and Plaintiff's brief was filed on October 6, 2023. (Dkt. 9). Third, Attorney Gorton has well over thirty years of experience, and his practice is highly concentrated in the handling of Social Security Disability cases at the administrative level and before federal courts. (Dkt. 25-1, ¶ 4). Fourth, the hours spent by Attorney Gorton reflect his efficiency in handling these types of cases. (Dkt. 25-2). Fifth, there is no evidence that Hawk is unsatisfied with his efforts. Sixth, the nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant.

The Court finds that the effective hourly rate of $200.23 (Dkt. 25-1, ¶6) is reasonable given Attorney Gorton's experience and the Court's understanding of hourly rates charged by attorneys with that level of experience in this community. The Court finds that the total fee is

reasonable and will not exceed 25% of the total of Hawk's past-due benefits in the amount of $107,535.00.

**WHEREFORE**, it is hereby

**ORDERED**, that the motion is granted in full, and Attorney Peter Gorton is awarded attorney's fees in the amount of $26,883.75 and it is further

**ORDERED**, that Attorney Peter Gorton shall refund to Hawk any fees he previously received under the EAJA, to wit, $14,622.92.

Dated: February 3, 2026

                                                                                          _____
                                                                                          Hon. Mitchell J. Katz
                                                                                          U.S. Magistrate Judge